UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>            Plaintiff,<br><br>     v.<br><br>DIANE SALBER et al.,<br><br>            Defendants. | Case No. 1:08-cv-00063 JLT (PC)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 44) |

Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants refused to provide him medical care on December 15, 2007. (Doc. 16) This litigation is proceeding under the Fourteenth Amendment for the denial of medical treatment. (Doc. 17)

On November 30, 2011, Defendant filed the instant motion for summary judgment. (Doc. 44) Plaintiff filed his opposition to the motion on January 27, 2012 (Doc. 52) and Defendants filed their reply on February 10, 2012. (Doc. 53) For the reasons set forth below, the Court **GRANTS** the motion for summary judgment.

I.      BACKGROUND

    A.      Factual Background

In his Second Amended Complaint, Plaintiff alleges that at 6:30 p.m. on December 15, 2007, he began having massive chest pains. (Doc. 16 at 3) He alleges that he brought his condition to the

attention of each of the three Defendants but they told him that they were too busy. Id. At the time, each was using her computer. Id. Plaintiff asserts that they should have immediately stopped the computer work and turned their attention to him. Id. He claims that as a result of their action, he suffered heart damage.[1] Id.

Defendants assert that they are entitled to summary judgment for several reasons.

Defendant Salber attests that she worked at Coalinga State Hospital, where Plaintiff was housed, as a registered nurse from October 2007 through August 2007. (Doc. 44-1 at 1) Salber asserts that she was always attentive to Plaintiff's medical complaints and was never dismissive of them. Id. at 3.

Similarly, Defendant Shrum has worked as a registered nurse at CSH since March 2007. (Doc. 44-2 at 1) She attests that, though she is trained to recognize symptoms of cardiac distress and the medical care to provide this event, she did not witness Plaintiff to suffer any cardiac distress on December 15 or 16, 2007. Id. at 2, 3-4.

Defendant Pardo attests that she has worked as a registered nurse at CSH since September 2007. (Doc. 44-3 at 1) In 2007, she did not work on Saturdays and does not recall ever working on a Saturday during 2007. Id. at 1-2. On Sunday, December 16, 2007, Prado worked. Id. at 4. During

---

[1] The Court notes that Plaintiff has filed numerous other similar cases to this one. See (Cranford v. Kerr, 2:07-cv-02247, Doc. 3, May 2, 2007) (describing Plaintiff's allegation that Defendant refused to give pain medication because she gave preference to mentally disordered offenders and "'pedophile SVPs' over SVPs with conviction crimes such as plaintiff's."); Cranford v. Quigley, 2:07-cv-0871, Doc. 6, March 5, 2007 (describing Plaintiff's allegation that Defendant refused to provide medical evaluative tests because she had a "'vendetta towards him because he is an SVP.'"); Cranford v. Henderson, 2:05-cv-05842 Doc. 9, January 24, 2006 (describing Plaintiff's allegation that Defendant refused to provide him medication for his heart condition.); Cranford v. Riordan, 2:07-cv-01261, Doc. 6, March 23, 2007 (describing Plaintiff's allegations that defendants failed to provide him medical treatment due to their being away from their assigned posts); Cranford v. Long, 2:06-cv-02847, Doc. 61, August 29, 2008 (describing allegation that Defendant Long failed to administer an ECG properly based upon his race); Cranford v. Durks, 2:03-cv-05723, Doc. 8, December 15, 2003 (describing Plaintiff's allegation that Defendant provided inadequate medical care); Cranford v. Bunte, 2:03-cv-05649 Doc. 12, December 15, 2003 (describing Plaintiff's allegation that Defendant provided inadequate medical care); Cranford v. Estrellado, 1:07-cv-1829, Doc. 14, dated September 8, 2010 (describing Plaintiff's allegation that Defendant was medically neglect for failing to be at her assigned post); Crandford v. Nickels, 1:06-cv-01812 (alleging Defendant denied medication based upon his race); Cranford v. Avila, Doc. 11, Doc. 10, dated September 26, 2011 (describing Plaintiff's allegation that Defendant removed from him his heart medication which caused him to be unable to treat his chest pain and heart attacks); Cranford v. Badagaon, 1:11-cv-00736, Doc. 1 (alleging that Defendant assaulted him because of his race); Cranford v. Ahlin, 1:11-cv-01199, Doc. 1(alleging defendant provided improper medication based upon his race).

Likewise, it appears that Plaintiff has repeatedly filed frivolous cases since, at least, the early 1990s. In addition to those listed above, he has filed numerous other cases in the Central District, the Northern District and the Eastern District of California. Cranford v. Darcangelo, 2:03-cv-05049, Doc. 16 at 5-6, dated November 3, 2003. The Court notes, as here, that Plaintiff has repeatedly misrepresented on his complaints, the number of previous lawsuits he has filed.

2

1  that 12-hour shift, Prado did not note any health concerns or emergencies for Plaintiff. Id. at 4, 30,
2  32. Prado asserts that she has never refused to provide medical case for Plaintiff and that she did not
3  observe Plaintiff suffering any symptoms of cardiac distress on December 15 or 16, 2007. Id. at 2, 5,
4  30, 32.
5     Indeed, Plaintiff's medical records for December 15, 2007, detail that he had no medical
6  complaints and that he was "quiet and watch t.v. most of the day." (Doc. 44-1 at 3, 10)  The medical
7  records do not reflect any complaints of heart-related pain or any other medical condition. Id.
8  Plaintiff's only medical complaints between December 15, 2007 and December 16, 2007 occurred on
9  December 16, 2007 when he received medication for back pain and had the splint on his finger
10 changed. Doc. 44-3 at 30, 32.
11    Though Plaintiff disputes some of facts set forth in Defendants' separate statement of
12 undisputed facts, he does not dispute any of the facts related to the medical care he received from
13 November 5, 2007 through December 30, 2007 nor any of the events that Defendants describe in
14 facts 22 through 41 of the separate statement. (Doc. 52 at 1-2) Notably, therefore, Plaintiff does not
15 dispute that, despite the claims in his complaint, he was not denied medical care on December 15 or
16 16, 2007.
17 **II.    LEGAL STANDARDS**
18    **A.    Summary Judgment**
19    Summary judgment is appropriate when "the pleadings, the discovery and disclosure
20 materials on file, and any affidavits show that there is no genuine issue as to any material fact and
21 that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is
22 one which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
23 (1986).  A dispute regarding a material fact is genuine if the evidence is such that a reasonable trier
24 of fact could return a verdict in favor of the nonmoving party. Id.
25    A party seeking summary judgment "always bears the initial responsibility of informing the
26 district court of the basis for its motion, and identifying those portions of the pleadings, depositions,
27 answers to interrogatories, and admissions on file, together with the affidavits, if any, which it
28 believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477

U.S. 317, 323 (1986) (internal quotation marks omitted).  Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." FTC v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (citing Anderson, 477 U.S. at 257 (1986)) (emphasis in the original).  Although the nonmoving party need not establish a material issue of fact conclusively in its favor, it may not simply rely on "bald assertions or a mere scintilla of evidence in [its] favor" to withstand summary judgment. Stefanchik, 559 F.3d at 929.  Indeed, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984.  Rather, "the evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255.  See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).  Inferences, however, are not drawn out of the air; it is the nonmoving party's obligation to produce a factual predicate from which the inference may justifiably be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

### B.     Fourteenth Amendment Denial of Medical Treatment

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are

4

designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendant's medical decisions regarding Plaintiff's heart medication must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

In determining whether Defendant has met her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

**III. DISCUSSION**

Here, there is no dispute of material fact related to the events of December 15, 2007. Plaintiff's medical records for December 15, 2007, indicate that he had no medical complaints and that he was "quiet and watch t.v. most of the day." (Doc. 44-1 at 3, 10) He did not have any complaints of heart-related pain or any other medical condition. Id. His only medical complaints between December 15 and December 16, 2007, occurred on December 16, 2007 when he received medication for back pain and had the splint on his finger changed. Doc. 44-3 at 30, 32.

On the other hand, Plaintiff *did* complain of chest pain three times on December 10, 2007 and was treated for it. (Doc. 44-3 at 27) During this treatment, doctors determined Plaintiff did not suffer an "acute cardiac emergency." Id. Likewise, he complained of chest pain on December 30, 2007 and was treated for it. (Id. at 25) However, these complaints do not bear any similarity to the

events alleged in Plaintiff's Second Amended Complaint which he claimed occurred on December 15, 2007 at 6:30 p.m.. (Doc. at 3)  Moreover, in light of the fact that Plaintiff does not dispute any of the "facts" set forth in Defendants' separate statement of undisputed facts, the Court has no option but to find that there are no triable issues of material fact.  Therefore, the Court concludes that Defendants are entitled to summary judgment.

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. Defendants' motion for summary judgment is **GRANTED**;
2. The Clerk of the Court is DIRECTED to CLOSE this matter.

IT IS SO ORDERED.

Dated:   **February 23, 2012**                               /s/ Jennifer L. Thurston
                                                                                     UNITED STATES MAGISTRATE JUDGE